STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-12-46
TDW-CUM- 3/5/2013

PRETI FLAHERTY BELIVEAU &
PACIOS LLP,

Plaintiff

v.                                                    ORDER

STATE TAX ASSESSOR,

Defendant


STATE OF MAINE
Cumberland ss Clerk's Office

MAR 01 2013

RECEIVED

Before the court is an appeal under Maine's Freedom of Access law, 1 M.R.S. §§ 401 et seq., brought by Preti Flaherty Beliveau & Pacios LLP from a denial by the State Tax Assessor of an August 15, 2012 request for certain Maine Revenue Service (MRS) documents.

The specific request made by Preti Flaherty, as modified before and after the commencement of this appeal, seeks documents relating to methodologies, formulas, and calculations relating to the apportionment of Maine tax liability of nonresident partners of Maine partnerships and the apportionment of income from the business activities of nonresident partners within Maine.

Preti Flaherty's original request sought:

(1) "agreements entered into or documents setting forth methods used by MRS in determining a nonresident partner's portion of partnership items derived from or connected with sources in [Maine]" pursuant to 36 M.R.S. § 5192(5);[1]

---

[1] 36 M.R.S. § 5192(5) provides that the assessor may "on application" depart from the general rules applicable to a nonresident partner's tax liability set forth in §§ 5192(1)-(4) and authorize or require the use of such methods to determine a nonresident partner's tax liability "as may be appropriate and equitable."

(2) agreements entered into or documents setting forth methods of apportionment used by MRS in determining the income of nonresident taxpayers pursuant to 36 M.R.S. § 5211(17);[2]

(3) any settlement or other agreements with respect to the payment of income tax by non-resident partners for years which were not the subject of income tax assessments by MRS, "in particular with respect to any allocation or apportionment formula, methodology, or calculation or otherwise related to the determination of a nonresident partner's portion of partnership items derived from or connected with sources in this State"; and

(4) any letter rulings, guidance, memos, correspondence or similar documents related to any apportionment or allocation formula, methodology, or calculation related to the subject matter of the preceding requests.

Exhibit 4 to Joint Stipulation.

Preti Flaherty has subsequently clarified that it is expressly not seeking the following:

- records more than 10 years old,

- records involving entities other than partnerships,

- any documents relating to partnership apportionment or the tax liability of partners unless those materials "expressly set forth the actual apportionment formulas, methodologies, and/or calculations used to apportion or determine Maine income taxes owed by partners in a Maine partnership," and

- the identity of any taxpayer or the details of taxpayer specific financial information.

Joint Stipulation ¶ 18.

Applicable Statutes

Appeals under the Freedom of Access law are heard de novo. 1 M.R.S. § 409(1).

On such an appeal the burden of proof is on the governmental agency from which

---

[2] 36 M.R.S. § 5211(17)(D) provides that if the apportionment provisions applicable to the Maine income of nonresident taxpayers "do not fairly represent the extent of the taxpayer's business activity in this State, the taxpayer may petition for, or the assessor may require . . . the employment of any other method to effectuate an equitable apportionment of the taxpayer's income."

2

records have been requested to establish just cause for the denial of a request under the Freedom of Access law. Town of Burlington v. Hospital Admin. District No. 1, 2001 ME 59 ¶ 13, 769 A.2d 857.

In this case the Assessor bases his decision to deny access to the requested documents on 1 M.R.S. § 402(3)(A), which exempts "records that have been designated as confidential by statute," from the definition of public records that must be made available for inspection and copying under 1 M.R.S. § 408-A. The specific statutory confidentiality statute relied upon by the Assessor is 36 M.R.S. § 191(1), which provides in pertinent part as follows:

> Except as otherwise provided by law, it is unlawful for any person who, pursuant to this Title, has been permitted to receive or view any portion of the original or a copy of any report, return or other information provided pursuant to this Title to divulge or make known in any manner any information set forth in any of those documents or obtained from examination or inspection under this Title of the premises or property of any taxpayer.

Procedural History

In this case the parties have agreed that the relevant facts are set forth in a Joint Stipulation filed on November 14, 2012. The seven documents that are responsive to Preti Flaherty's request have been identified on a "Log of Non-Public Confidential Documents Withheld from Production" that was filed on October 24, 2012. That log was provided to counsel for Preti Flaherty. At the same time, pursuant to an October 5, 2012 scheduling order agreed to by both parties, the Assessor submitted copies of the seven documents in question to the court for *in camera* review.

In addition to the seven documents that are in dispute and that have been withheld in their entirety, the Assessor has produced one responsive document to Preti

3

Flaherty without redactions. That document is a September 25, 2000 memorandum from Richard Truman of MRS and is annexed to the Joint Stipulation as Exhibit 9.[3]

Discussion

Both parties have cited to and rely upon Justice Cole's decision in Washburn v. State Tax Assessor, Docket No. CV-10-521 (Superior Ct. Cumberland, order dated April 29, 2011), 2011 Me. Super. LEXIS 83. The court generally agrees with the statutory analysis contained in that decision and will not reiterate that analysis here.

In summary, the court concludes that 36 M.R.S. § 191(1) – particularly when read in conjunction with the exceptions contained in subsection 191(2) – provides statutory confidentiality to all information provided to MRS pursuant to Title 36, including any information provided in a report or tax return and any information provided in response to an audit. Section 191 covers the same information that is defined under federal law as "return information" in 26 U.S.C. § 6103(b)(2(A) and that is made confidential under federal law pursuant to 26 U.S.C. § 6103(a).

As Justice Cole noted in the Washburn case, the U. S. Supreme Court held in Church of Scientology v. IRS, 484 U.S. 9 (1987), that "return information" pertaining to an individual taxpayer remains confidential even if the document containing that information could be redacted to remove the information identifying a particular taxpayer. 484 U.S. at 14-16. See 2011 Me. Super. LEXIS at 9. Similarly, as Justice Cole stated in Washburn,

> [S]ection 191 unambiguously protects from disclosure all information provided by a taxpayer through "any report, return, or other" means. . . . As with section 6103 in the

---

[3] The September 25, 2000 memorandum falls outside the 10 year limit as to which Preti Flaherty narrowed its request but was apparently produced because it was otherwise responsive.

4

> federal statute, section 191's embrace is not limited to information that identifies specific taxpayers.

2011 Me. Super. LEXIS at 13-14.

The above analysis is sufficient to uphold the Assessor's denial of five of the seven documents at issue in this case. Although the court agrees with the Washburn decision that legal analyses, formulas, and methodologies used by the Maine Revenue Service would not necessarily constitute return information provided by the taxpayer, the five documents in question do not recite any legal analyses, formulas, or methodologies in the abstract but instead specifically apply those analyses, formulas, and methodologies to the individual return information of specified taxpayers.

The withheld documents identified as P1–P14 and P15-P35 constitute settlement agreements with specific taxpayers that essentially recite the amount of tax to be paid for prior years and set forth conditions – tied to the taxpayers' specific factual circumstances – with respect to future apportionment. To the extent that any alternative methodologies, formulas, or analyses are being applied, those methodologies, formulas, or analyses are nowhere recited in the documents. These documents cannot be redacted to release information other than return information.

The withheld documents identified as P36-P43, P46-P51, and P54-P56 are audit reports relating to specific taxpayers. Those documents do discuss apportionment methodologies but only in the context of specific information obtained from or provided by the taxpayers in question. Audit reports squarely constitute return information and cannot be redacted.

Almost all of the content of the documents identified as P1-P14, P15-P35, P36-P43, P46-P51, and P54-P56 also constitutes the "details of taxpayer specific financial

5

information" which Preti Flaherty has excluded from the scope of its requests. See Joint Stipulation ¶ 18.

The documents identified as P44-P45 and P52-53 represent a closer case. Those documents are letters from MRS to specific taxpayers discussing apportionment of income in a highly specialized industry.[4] The letters discuss MRS's interpretation of certain 2007 legislative changes to 36 M.R.S. § 5211 in connection with that specific industry. Unlike the documents referred to above, the documents do not recite specific return information. However, they do discuss the way income has been apportioned for those businesses in the past. Moreover, there are so few participants in the industry in question that it is likely that if the documents were released, the recipients of the letters could be identified. For those reasons the court concludes that these documents are also entitled to confidentiality under section 191. If references to the specific industry were redacted, the documents would provide no meaningful information.

In reaching the above result, the court is mindful of Preti Flaherty's argument that 36 M.R.S. §§ 5192(5) and 5211(17) provide almost no standards to guide departures from the usual apportionment rules to achieve a more equitable apportionment. The principle of transparency in government argues in favor of allowing disclosure of any alternative apportionment formulas or methodologies that have been used. However, the principle of transparency in government has not been extended to allow the public or interested parties to scrutinize the details of tax returns to determine how individual taxpayers are being treated in light of their specific income and business activity. The documents in issue here fall into the latter category and are confidential under section 191.

---

[4] Both taxpayers to which the letters are addressed are in the same highly specialized industry. Neither taxpayer is in the business of providing services and neither taxpayer has any apparent characteristics in common with a law firm.

6

The entry shall be:

The Assessor's determination that the seven documents identified on the Assessor's October 24, 2012 privilege log are not subject to disclosure under the Freedom of Access law is upheld. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: March 5, 2013

Thomas D. Warren
Justice, Superior Court

7

Date Filed __8-31-12__    CUMBERLAND    Docket No. __AP-12-46__

County

Action __80C APPEAL__

PRETI FLAHERTY BELIVEAU & PACHIOS LLC      STATE OF MAINE
JEROME D GERARD, STATE TAX ASSESSOR

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| SIGMUND SCHUTZ ESQ<br>PRETI FLAHERTY BELIVEAU PACHIOS & HALEY<br>PO BOX 9546<br>PORTLAND ME 04112-9546 | SCOTT W. BOAK, AAG<br>OFFICE OF THE ATTORNEY GENERAL<br>6 STATE HOUSE STATION<br>AUGUSTA, ME 04333-0006 |

Date of
Entry